IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-CR-00279-JLK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     FAYIN DENG,
      a/k/a "Tom,"
2.     KELLY CHUONG, and
3.     LIAN H. XIAN,
      a/k/a "Wadseye,"

        Defendants.

_____

GOVERNMENT'S MOTION FOR ORDER REGARDING CRIMINAL FORFEITURE
OF PROPERTY IN GOVERNMENT CUSTODY
_____

        COMES NOW the United States, by and through Acting United States Attorney David M. Gaouette and Assistant United States Attorney James S. Russell, and hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of this criminal matter. In support of its motion, the Government states as follows:

        1.    Agents of the Drug Enforcement Administration seized the following assets ("the seized assets") for the purpose of initiating civil forfeiture proceedings:

        a. $78,970.00 in United States currency;

        b. $42,997.91 seized from First Bank Account #5711239244; and

        c. $118,900.00 in United States currency.

In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement Administration sent notice to the Defendant of its intent to forfeit the seized assets in a non-judicial forfeiture proceedings, the

United States Marshals Service is maintaining custody of the seized assets.

2. Defendants Fayin Deng and Kelly Chuong filed their claims contesting the administrative forfeiture pursuant to 18 U.S.C. § 983(a)(2). Consequently the United States had 90 days in which to 1) return the property to the Defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.

3. Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), in Case Number 08-mc-0047-MEH, the United States obtained an order extending the United States' time to file a forfeiture action until June 26, 2009.

4. On June 22, 2009, the Government elected the third option when it obtained an Information containing a forfeiture allegation concerning the seized assets. That information is now pending in this Court.

5. 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal statute." The applicable statute in this case is 21 U.S.C. § 853, which prescribes several methods for preserving property for the purpose of criminal forfeiture.

6. First, Section 853 (f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize the property from itself. Second, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, it is unnecessary to issue an order enjoining the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government has represented it will preserve

for the purpose though the conclusion of the pending criminal case.

      7.      Lastly, Section 853(e)(1) authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.

      8.      In this case, the seized assets are already in Government custody and the Government represents to the court that it intends to preserve the assets for the purpose of forfeiture through the conclusion of the pending criminal case.  All that is required to comply with Section 983(a)(3)(B)(ii)(II) is an Order from this Court stating that the United States and its agencies, including the Drug Enforcement Administration and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

      WHEREFORE, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the Untied States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

      Dated this 8th day of July, 2009.

Respectfully submitted,

DAVID M. GAOUETTE
Acting United States Attorney

By:  s/ James S. Russell
James S. Russell
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone (303) 454-0100
FAX: (303) 454-0402
E-mail: James.Russell2@usdoj.gov
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S MOTION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY has been e-mailed via ECF filing system this 8th day of July, addressed to all counsel of record.

                 s/ Donna Seago
                 Office of United States Attorney