IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   09-cr-00279-JLK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    FAYIN DENG,
     a/k/a "Tom,"
2.    KELLY CHUONG, and
3.    LIAN H. XIAN,
     a/k/a "Wadseye,"

        Defendants.

---

UNOPPOSED MOTION BY THE GOVERNMENT FOR A CONTINUANCE OF
THE MOTIONS FILING DATE, THE TRIAL DATE, AND
FOR AN ENDS OF JUSTICE FINDING OF COMPLEXITY
AND 90 DAYS OF EXCLUDABLE TIME PURSUANT TO
TITLE 18, U.S.C. §3161(h)(7)(A) AND (h)(7)(B)(ii) AND (iv)

---

NOW COMES THE UNITED STATES OF AMERICA, DAVID M. GAOUETTE, ACTING UNITED STATES ATTORNEY FOR THE DISTRICT OF COLORADO, by Stephanie Podolak, Assistant United States Attorney, and files this Unopposed Motion by the Government for a Continuance of the Motions Filing Date, the Trial Date, and for an Ends of Justice Finding of Complexity and 90 Days of Excludable Time Pursuant to Title 18, U.S.C. §3161(h)(7)(A) and (B)(ii) and (iv).  In support of this motion, the Government states as follows.

        1.   On June 25, 2009, the Court issued an order setting this case for trial on August 24, 2009.  Defense motions are currently due on July 17, 2009, and the Government's

1

responses to these motions are due on July 31, 2009. The Court has also scheduled a pre-trial conference for August 14, 2009, at 4:00 p.m.

       2. The Government has provided vuluminous discovery to all the defendants. However, this case is connected to and part of a multi-defendant investigation and prosecution involving a large scale, sophisticated, Asian, indoor marijuana grow conspiracy. This larger investigation involved the use of informants, foreign language wiretaps, almost daily surveillances, pen registers, trap and trace information, the execution of search warrants and the taking of post-arrest statements from numerous members of the organization. The government estimates that the discovery for this case is approximately 2,000 pages.

       3. The parties believe that it is essential for the defendant to review all this information before any substantive motions are filed. The Government believes that a minimum of 90 days will be necessary for the defense to have an adequate opportunity to review all the material.

       4. Under Section 3161(h)(7)(A), the Court may grant a continuance and exclude time from the Speedy Trial clock based on a finding that the ends of justice are served by granting the continuance and that the need for the continuance outweighs the best interest of the public and the defendant in a speedy trial.

5. Under Title 18 U.S.C. § 3161(h)(7)(A) and (B)(ii), the Court may make findings of complexity and exclude time from the Speedy Trial clock where a case is "so unusual or complex due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [70 day] time limits established by this section." Moreover, under Title 18, U.S.C. §3161(h)(7)(B)(iv), if the Court does not deem the case "so unusual or complex as to fall within clause (ii)," the Court should also consider whether the failure to exclude time and grant such a continuance would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

6. The government contends that the amount of discovery in the case, the connection to other defendants and other cases, the foreign language dialect involved (Cantonese and Mandarin), and the wiretap investigation create novel questions of fact which justify excludable time based on a complexity finding under Title 18 U.S.C. § 3161(h)(7)(B)(ii). In the event the Court does not agree, the government also argues that a continuance should be granted and 90 days excluded from the Speedy Trial clock under sub-section (iv) because additional time is needed for effective preparation of the defense in this case.

3

7.   Accordingly, the government respectfully requests that the Court make an ends of justice finding based on complexity and/or the need for effective preparation under Title 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), grant a continuance of the motions filing date, the trial date, and exclude a period of 90 days from the Speedy Trial clock which would reset the Speedy Trial deadline to November 30, 2009.

8.   The government would also respectfully request that the Court turn August 14, 2009, pre-trial conference hearing into a status conference at which time the Court can schedule the a new motions date and trial date.

9.   The government has consulted with all counsel for the defendants, each of whom advise that they have no objection to this motion and agrees with the information states herein.

                RESPECTFULLY SUBMITTED:

                DAVID M. GAOUETTE
                ACTING UNITED STATES ATTORNEY
                DISTRICT OF COLORADO

By:   s/Stephanie Podolak
     Stephanie Podolak
     Assistant United States Attorney
     U.S. Attorney's Office
     1225 17th Street, Suite 700
     Denver, CO. 80202
     Telephone (303) 454-0309
     Fax (303) 454-0401
     Stephanie.podolak@usdoj.gov
     Attorney For Government

CERTIFICATE OF SERVICE

     I certify that on this 14th day of July, 2009, I electronically filed the foregoing UNOPPOSED MOTION BY THE GOVERNMENT FOR A CONTINUANCE OF THE MOTIONS FILING DATE, THE TRIAL DATE, AND FOR AN ENDS OF JUSTICE FINDING OF COMPLEXITY AND 90 DAYS OF EXCLUDABLE TIME PURSUANT TO TITLE 18, U.S.C. §3161(h)(7)(A) AND (h)(7)(B)(ii) AND (iv) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert J. Corry, Jr.,
representing Fayin Deng (1)
robert.corry@comcast.net

Nancy Salomone
representing Kelly Chuong (2)
nsalomone@laszlolaw.com

Clifford Barnard
representing Lian H. Xian (3)
cliffbarnard@earthlink.net


and I hereby certify that I have served the document to the following non- CM/ECF participants in the manner indicated:

     TFO Hermann Mohr, DEA, Colorado Springs (Via Fax to 719-866-6053)


                              s/Diana Brown
                              DIANA BROWN
                              Legal Assistant
                              United States Attorney's Office
                              1225 Seventeenth Street, Suite 700
                              Denver, Colorado 80202
                              Telephone:  (303) 454-0100
                              FAX:  (303) 454-0409
                              E-mail:  Diana.Brown@usdoj.gov